UNITED STATES, Appellee

v.

JOHN J. McSORLEY, Corporal, U. S. Army, and HAROLD D. PYLE, Private, U. S. Army, Appellants

1 USCMA 84, 1 CMR 84

Nos. 1 and 2

Decided November 29, 1951

MR. Milton J. Teiger, Frankfurt A. Main, Germany, on brief for Appellants.

MAJ. George B. Springston, USA, for Appellee.

### Opinion of the Court

PAUL W. BROSMAN, Judge:

This case is before us on motion to dismiss for want of jurisdiction filed by appellate Government counsel to the accused's timely petition for review dated July 5, 1951.

Petitioners were charged and tried by general court-martial in a common

trial at Darmstadt, Germany, on February 20 and 21, 1951, under specifications alleging possession of false leave orders, crossing into France without proper clearance, unlawful possession of a service pistol, fraudulent possession of military pay records, and breach of restriction, all in violation of Article of War 96; and absence without leave, in violation of Article of War 61. They were each found not guilty of crossing into France without proper clearance, but guilty of all other offenses charged and specified, and sentenced to be dishonorably discharged the service, to forfeit all pay and allowances to become due after the date of the order directing execution of the sentences, and to be confined at hard labor for two years, as to McSorley, and for three years, as to Pyle. The convening authority disapproved the findings of guilty of the offenses alleged in Specifications 3 and 4 of Charge I, but approved all other findings and the sentences.

The record of trial was thereafter considered by a board of review in the Office of The Judge Advocate General of the service concerned, which held on May 9, 1951, that it was not legally sufficient to support the findings of guilty as to each accused of the offense set out in Specification 1 of Charge I, and legally sufficient to support only so much of the sentence as to McSorley as provides for confinement for one month and forfeiture of $58.33 per month for one month, and only so much of the sentence as to Pyle as provides for confinement for one month and forfeiture of $63.33 per month for one month. The Acting Judge Advocate General did not approve the decision of the board of review, and on May 24, 1951, he transmitted the record of trial to the Judicial Council, United States Army, pursuant to the provisions of Article of War 50 (e) (4). On June 12, 1951 the Judicial Council, one member dissenting, handed down its opinion overruling the decision of the board of review. The Council itself held the record of trial legally sufficient to support the findings of guilty, as modified by the convening authority, and the sentences, and that their confirmation was warranted. Having required concurrence on his part in the confirming action of the Judicial Council at the time of his referral of the case thereto, pursuant to the terms of Article of War 48 (c) (1), the Acting Judge Advocate General considered the Council's opinion for this purpose, and on June 13, 1951, expressed concurrence therein. Five days thereafter there issued General Court-Martial Orders Nos. 80 and 81, Headquarters 1st Infantry Division, dated 18 June 1951, directing the execution of the sentences as to both accused.

It will be noted in this case that, although the Judicial Council did not complete its action until June 12, and the Acting Judge Advocate General of the service concerned did not concur therein until the following day, the record of trial was transmitted to the Council on May 24, 1951, and the confirmatory phase begun at that time. Executive Order 10214, February 8, 1951, establishes May 31, 1951, as the cut-off date under a phasing scheme for transition from procedures obtaining under the Articles of War and the Manual for Courts-Martial, 1949, to those established by the Uniform Code of Military Justice (Act of May 5, 1950, 64 Stat. 108, 50 U. S. C. §§ 551–736) and the Manual for Courts-Martial, United States, 1951, as elaborated by us in our opinion in United States v. Sonnenschein (No. 8), 1 USCMA 64, 1 CMR 64, decided November 27, 1951.

Although minor factual differences exist between this case and United States v. Sonnenschein, supra, they involve the same fundamental problem, and for the present purpose they are indistinguishable on the facts deemed material and controlling by us. We, therefore, hold that favorable action on the petition of the accused is foreclosed by the Sonnenschein decision, and that for reasons set out therein we are without jurisdiction to review the present record.

The motion is accordingly granted and the petition dismissed.

Chief Judge QUINN and Judge LATIMER concur.