## UNITED STATES, Appellee

v.

## RICHARD B. SHERWOOD, Corporal, U. S. Army, Appellant

### 1 USCMA 86, 1 CMR 86

No. 3

Decided November 30, 1951

Mr. Milton J. Teiger, Frankfurt A. Main, Germany, on brief for Appellant.

Maj. George B. Springston, USA, for Appellee.

### Opinion of the Court

PAUL W. BROSMAN, Judge:

This case, like the related one involving Corporal John J. McSorley and Private Harold D. Pyle, United States v. McSorley and Pyle (Nos. 1 and 2), 1 USCMA 84, 1 CMR 84, decided November 29, 1951, is before us on motion to dismiss for want of jurisdiction filed by appellate Government counsel to the accused's timely petition for review dated July 5, 1951.

This petitioner was charged and tried by general court-martial at Darmstadt, Germany, on February 21, 1951, under specifications alleging possession of false leave orders, crossing into France without proper clearance, and unlawful possession of a service pistol, all in violation of Article of War 96; and absence without leave, in violation of Article of War 61. He was found not guilty under Specification 2, Charge I, guilty with exceptions and substitutions under Specification 3, Charge I, and guilty of possessing false leave orders and of absenting himself without leave as alleged. He was sentenced to be dishonorably discharged the service, to forfeit all pay and allowances to become due after the date of the order directing execution of the sentence, and to be confined at hard labor for two years. The convening authority disapproved the findings of guilty of the offense alleged in Specification 3, Charge I, but approved all other findings and the sentence.

The record of trial was thereafter considered by a board of review in the Office of The Judge Advocate General of the service concerned, which held on

May 9, 1951, that it was not legally sufficient to support the findings of guilty of the offense set out in Specification I, Charge I, and legally sufficient to support only so much of the sentence as provides for confinement at hard labor for twelve days and forfeiture of $25.36. The Acting Judge Advocate General did not approve the decision of the board of review, and on May 24, 1951, he transmitted the record of trial to the Judicial Council, United States Army, pursuant to the provisions of Article of War 50(e) (4). On June 12, 1951, the Judicial Council, one member dissenting, handed down its opinion overruling the decision of the board of review. The Council itself held the record of, trial legally sufficient to support the findings of guilty, as modified by the appointing authority, and the sentence, and that their confirmation was warranted. Having required concurrence on his part in the confirming action of the Judicial Council at the time of his referral of the case thereto, pursuant to the terms of Article of War 48(c) (1), the Acting Judge Advocate General considered the Council's opinion for this purpose, and on June 13, 1951, expressed concurrence therein. Five days thereafter there issued General Court-Martial Orders No. 79, Headquarters 1st Infantry Division, dated June 18, 1951, directing the execution of the sentence.

It will be observed that in this case, as in its companion case mentioned earlier in this opinion, the Judicial Council received the record of trial on May 24, 1951, although it did not render its decision until June 12, and although The Judge Advocate General did not concur therein until June 13. In our opinion in United States v. Sonnenschein (No. 8), 1 USCMA 64, 1 CMR 64, decided November 27, 1951, for reasons set forth therein we held that Executive Order 10214, February 8, 1951, established May 31, 1951, as the cut-off date for transition from the older procedures to those established by the Uniform Code of Military Justice (Act of May 5, 1950, 64 Stat. 108, 50 U. S. C. §§ 551–736), that major phases of the court-martial process initiated before that time may be completed with finality thereafter, and that confirmation—including in a proper case the concurence of The Judge Advocate General—is the terminal stage in the phasing contemplated by the President in his Executive Order prescribing the Manual for Courts-Martial, United States, 1951.

As we said of the similar situation involved in United States v. McSorley and Pyle, supra, although minor factual differences separate the case at bar from United States v. Sonnenschein, supra, the same problem is involved in both, and for the present purpose the latter is indistinguishable on the facts deemed material and controlling by us. We hold, therefore, that favorable action on the petition of the accused is foreclosed by the Sonnenschein decision, and that for reasons developed there we are without jurisdiction to review the present record.

The motion is accordingly granted and the petition for review dismissed.

Chief Judge QUINN and Judge LATIMER concur.